[Cite as *State v. Johnson*, 2025-Ohio-1506.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JACOB JOHNSON | : | Case No. 2024 CA 00076 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court,
                              Case No. 2024 CR B 00711


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             April 28, 2025


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

J. MICHAEL KING                           VERONICA HODGES
40 West Main Street                       73 North Sixth Street
Fourth Floor                              Newark, OH  43055
Newark, OH  43055

*King, J.*

{¶ 1}   Defendant-Appellant Jacob Johnson appeals the September 10, 2024 judgment of the Licking County Municipal Court which found him guilty of one count of public indecency, a misdemeanor of the second degree. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On May 26, 2024, 16-year-old M.W. and six younger children walked from M.W.'s father's home in Newark to the nearby Licking River with a plan to play in the water. When they arrived there was a man, later identified as Johnson, in the water. As Johnson exited the water, he was carrying a garbage bag and said something to one of the children about glass in the water. M.W. recognized Johnson because she had seen him earlier in the day at a nearby Circle K gas station.

{¶ 3}   The younger children proceeded down to the water. M.W. watched as Johnson started putting additional clothing on, but then exposed his penis and began masturbating as he watched the children. M.W. texted her father, Nicolas Roberts, told him what was happening, and asked him to come to their location. Roberts arrived and confronted Johnson. He asked Johnson if he was touching himself while watching the children. Johnson stated he was. Roberts was surprised by Johnson's answer and asked Johnson to sit down and wait for police. Johnson agreed to do so. While they waited, Johnson looked at the sky and ranted about cameras and drones above them.

{¶ 4}   Newark Police Officers Litzinger, Purtee, and Beach arrived on the scene. Officers observed Johnson behaving as if under the influence. Officer Litzinger spoke with M.W. who showed Litzinger where she and the other children were standing when

Johnson exposed himself and where Johnson was standing. Litzinger noted Johnson had been no more than 40 feet away from the children.

{¶ 5} As a result of these events, on May 28, 2024, Johnson was charged by complaint with one count of public indecency pursuant to R.C. 2907.09(A)(1), a misdemeanor of the second degree. Johnson pled not guilty to the charge and elected to proceed to a bench trial which took place on August 21, 2024. The State elicited the above outlined facts through the testimony of M.W., her father, and Officer Litzinger. Johnson rested without presenting evidence. The trial court found Johnson guilty and convicted him. Johnson was sentenced to 90 days local incarceration with credit for 44 days and 46 days suspended. He was additionally placed on one year of probation and ordered to undergo mental health and substance abuse assessments.

{¶ 6} Johnson filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 7} "THE DEFENDANT – APPELLANT WAS CONVICTED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 8} In his sole assignment of error, Johnson argues his conviction is against the manifest weight of the evidence. We disagree.

{¶ 9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st

Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 10} Johnson argues his conviction is against the manifest weight of the evidence because the trial court speculated that Johnson was under the influence at the time of the offense. Specifically, the trial court found:

> The Court: All right, thank you. You know the benefit of having a bench trial versus a jury trial is, you know, typically the court will go ahead and explain its reasoning as opposed to the jury you never really know what exactly happened there but I will say this as soon as I heard the testimony about spy planes and drones and cameras and things of that nature the very first thing that I thought of was that the defendant was under the influence of something possibly methamphetamine. I think what is particularly persuasive about [M.W.]'s testimony is that in order to believe she is being untruthful I have to find that she on a spur of the moment just decided to make up a story about a guy she had seen, you know, twenty seconds before and the fact that dad came down and asked him I don't put a lot of credence in the yes only because I think he was under the influence and I don't know whether he even knew what he was saying at the time but the stories are consistent. The scene it was pretty easy to see what the scene was as far as distance was concerned,

you know, that type of activity entails very specific body movements that as she testified she knew exactly what he was doing. So I would find that the state has met its burden beyond a reasonable doubt.

{¶ 11} Transcript of trial (T.) at 39-40.[1]

{¶ 12} A manifest weight argument challenges the believability of the evidence. Johnson argues the trial court "concluded that the guilty verdict was based on the conclusion that the defendant was under the influence at the time of the alleged offense." Brief of Appellant at unnumbered page 4. But the above outlined comments from the trial court do not support Johnson's argument. Rather, it appears the trial court was commenting on Johnson's admission to M.W.'s father that he had indeed exposed himself in public and where the others were likely to view his behavior. The court specifically stated it did not put much credence in Johnson's admission because by all accounts, Johnson was acting as if he were under the influence of something. This finding was to Johnson's benefit, not detriment. The court then went on to say it found M.W.'s testimony credible and convicted Johnson based on M.W.'s testimony. Johnson's argument is therefore unsupported by the record.

{¶ 13} This is not an exceptional case wherein the evidence weighs heavily against the conviction. Accordingly, the sole assignment of error is overruled.

---

[1] While the State argues Johnson failed to file a transcript, a transcript is indeed included in the record.

{¶ 14} The judgment of the Licking County Municipal Court is affirmed.

By: King, J.

Baldwin, P.J. and

Hoffman, J. concur.